United States District Court
Southern District of Texas
**ENTERED**
September 27, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAZOS PRESBYTERIAN HOMES INC, | § § § | CIVIL ACTION NO. 4:21-cv-03387 |
| Plaintiff, | § § | |
| | § | |
| vs. | § § | JUDGE CHARLES ESKRIDGE |
| | § § | |
| THOMAS HANCOCK WITTE & ASSOCIATES, | § § | |
| Defendant. | § | |

**OPINION AND ORDER GRANTING REMAND**

The motion by Plaintiff Brazos Presbyterian Homes Inc to remand is granted. Dkt 11.

1.   Background

This is an action for breach of contract and negligence by Plaintiff Brazos Presbyterian Homes Inc against Defendant Thompson Hancock Witte & Associates Inc. Also involved in a related action is Lendlease US Construction. These parties are referred to as *BPH*, *THW*, and *Lendlease*.

BPH is a Texas corporation that owns and operates a senior-living community in Houston, Texas. Dkt 1-3 at 2–3. It contracted with THW and Lendlease for design and construction on its campus to renovate an existing building and add an additional tower. THW is a Georgia corporation. Dkt 1 at 3. Lendlease appears to be a corporation in North Carolina and Florida. Dkt 14 at 3 n 2; see also Dkt 11-2 (referenced as "foreign" to Texas).

BPH eventually brought two actions in state court with respect to the subject project. The original action remains pending in state court. This action spun off from the original and was removed only as to one particular claim against THW. The amounts in controversy in each action plainly exceeds $75,000.

BPH and TWH don't dispute the above. But they hotly contest how the following procedural history impacts THW's right to remove the action here.

*November 22, 2016.* As the project neared completion, BPH brought action in state court against Lendlease asserting (among other things) failure by Lendlease to construct the project as specified. See Dkt 11 at 2.

*October 17, 2018.* BPH amended its petition to assert flood-related claims against Lendlease, while adding THW to assert a claim for a defective design that allegedly caused the project to flood during Hurricane Harvey in August 2017. Dkt 13-2; see also Dkt 11 at 2–3. THW didn't exercise its then-available right to remove the action.

*October 5, 2020.* BPH obtained leave to further amend the petition after discovering alleged design-related latent defects in the project. Dkt 11-1.

*January 1, 2021.* BPH filed a third amended petition asserting claims against THW for design-related latent defects. But it didn't include a Chapter 150 Certificate of Merit as required under Texas law. Dkt 11-2; see also Texas Civil Practices & Remedies Code § 150.002.

*January 19, 2021.* THW moved to dismiss the design-related latent defect claims on the basis that BPH failed to include the required certificate of merit. Dkt 11-4 at 7–8.

*February 10, 2021.* BPH sought to include the required certificate of merit when filing a fourth amended petition. Dkt 11-3.

*May 17, 2021.* The state court heard argument on THW's motion to dismiss. See Dkt 11 at 5.

*September 23, 2021.* The state court granted THW's motion and dismissed the design-related latent defect claims asserted by BPH without prejudice. All other claims asserted against THW remained, being the earlier-asserted claims for flood damage due to defective design. Dkt 13-3; see also Dkt 11 at 5.

*October 13, 2021.* BPH initiated this action in state court to reassert the dismissed design-related latent defect claims against THW. This time, it included the required certificate of merit. Dkt 1-3 at 1–7, 47–69. BPH that same day also moved to consolidate this action with the original action. Dkt 11-7 at 1–10.

*October 15, 2021.* THW removed this action. Dkt 1.

*November 10, 2021.* After removal, THW asserted third-party claims in this action against two of its subcontractors, Uzun & Case LLC (a Georgia corporation) and Barrett, Woodyard & Associates Inc (a Georgia corporation). Dkts 9 & 10.

*November 12, 2021.* BPH filed a motion to remand. Dkt 11.

BPH and THW provided a joint notice of settled claims on August 18, 2022. Dkt 26. They advise that:

- o As to settlements in the state court action, all remaining claims between BPH and THW were resolved in mediation.

- o As to settlements in this action, (i) BPH, THW, and Uzun & Case resolved certain claims regarding foundation and a brick façade, and (ii) THW resolved all claims against Uzun & Case, who has been dismissed from this action.

- o As to claims remaining in the state court action, there are (i) a breach-of-contract claim for construction defects between BPH and Lendlease, as specified in a supporting chart; (ii) third-party claims for indemnity and defense by Lendlease against its various

3

subcontractors for such construction defects;
(iii) claims related to Lendlease's lien on the
project; and (iv) Lendlease's counterclaims,
including the Texas Prompt Pay Act and
*quantum meruit.*

o   As to claims remaining in this action, there are
(i) claims by BPH against THW for breach of
contract and professional negligence, and (ii)
though unstated in the notice, third-party
claims by THW against Barrett Woodyard.

2.  Legal standard

A case may be removed to federal court "if there is
complete diversity of citizenship and the amount in
controversy is greater than $75,000 exclusive of interests
and costs." *Allen v Walmart Stores LLC*, 907 F3d 170, 183
(5th Cir 2018), citing 28 USC §§ 1332, 1441.

The process by which a defendant may properly remove
an action from state court is governed by 28 USC § 1446.
Section 1446(b)(1) provides, with emphasis added:

> The notice of removal of a civil action or
> proceeding shall be filed within 30 days
> after the receipt by the defendant, through
> service or otherwise, of *a copy of the initial
> pleading* setting forth *the claim for relief
> upon which such action or proceeding is
> based*, or within 30 days after the service of
> summons upon the defendant if such initial
> pleading has then been filed in court and is
> not required to be served on the defendant,
> whichever period is shorter.

The removing party bears the burden of showing that
subject-matter jurisdiction exists, and that the removal
procedure was properly followed. *Manguno v Prudential
Property & Casualty Insurance Co*, 276 F3d 720, 723
(5th Cir 2002). "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 USC § 1447(c).

The Fifth Circuit holds, "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v Flores*, 543 F3d 248, 251 (5th Cir 2008), quoting *In re Hot-Hed Inc*, 477 F3d 320, 323 (5th Cir 2007); see also *Hicks v Martinrea Automotive Structures (USA) Inc*, 12 F4th 511, 515 (5th Cir 2021).

### 3. Analysis

BPH contends that remand is proper on its design-related latent defect claims against THW because (i) removal was untimely as measured from BPH's first assertion of the claims in its original action; (ii) THW waived its right to removal by seeking dismissal of the claims in state court; and (iii) THW destroyed any potential for complete diversity when it added the third-party defendants. Dkt 11. THW asserts to the contrary that (i) removal was timely, as it occurred only two days after BPH initiated its second action; (ii) any waiver of the right to remove due to litigation conduct occurred only in the original action; and (iii) only diversity as between THW and BPH is relevant to subject matter jurisdiction. Dkt 13.

### a. Timeliness of removal

BPH contends that THW should have removed this action (if at all) within thirty days of service of BPH's third amended petition in the original state-court action on January 1, 2021. Dkt 11 at 7. THW contends that the third amended petition isn't the relevant initial pleading for removal purposes, arguing instead in favor of the one that began this action ten months after the design-related latent defect claims were dismissed without prejudice. It thus maintains that its notice of removal was timely on October 15, 2021, because that followed only two days after

BPH served the petition initiating this action in state court. Dkt 13 at 5–6.

To be clear, the briefing joins issue on the right-of-removability question only with respect to the addition of the design-related latent defect claims in the third amended petition. This is so even though BPH mentions that the original action was removable when BPH first added THW on October 17, 2018. Dkt 11 at 7 n 14. THW's response is cursory, failing to adequately put at issue contention with respect to the *revival exception*—being a judicially created procedural means by which the clock starts anew and permits another thirty days for removal. See Dkt 13 at 4, 8; see also *Odom v Ocwen Loan Servicing*, 2020 WL 3798934 (SD Tex). BPH specifically argues in reply that the exception pertains. See Dkt 14 at 2–3. Given THW's concession on this point, service of the third amended petition will be treated as a removable event within the meaning of 28 USC § 1446(b).

As to the precise issue posed by the parties, Section 1446(b) keys the removal deadline to the defendant's receipt of "*the initial pleading* setting forth *the claim for relief* upon which such action or proceeding is based." The Fifth Circuit hasn't addressed what constitutes *the initial pleading* when *the claim for relief at issue* has been dismissed without prejudice from one state-court proceeding and the identical claim is refiled in a follow-on state-court proceeding. If the understood requirement was to key *the initial pleading* to the removed action itself, it would have been easy to phrase it that way. But instead, it's keyed to *the claim for relief at issue*. And a claim can obviously (as here) be asserted in successive actions. Textually, then, the instruction is simply to ascertain when the claim was first asserted and measure the removal deadline as against the filing that initially pleads it. Even were there some doubt in this respect, the Fifth Circuit requires its resolution in favor of remand. See *Gutierrez*, 543 F3d at 251.

Still, district courts have reached divergent conclusions. Some have denied remand, essentially holding that the *initial pleading* must be one in the removed action itself, thus keying more to the phrase *such action or proceeding* at the expense of the intervening reference to *the claim for relief*. For example, see *Beebe v Flores*, 2012 WL 112330 (WD Okla); *Butar v Hamilton Sundstrand Corp*, 2009 WL 2972373 (ND Ill); *Price v Food Lion Inc*, 768 F Supp 181, 182–83 (ED Va 1991). Others have entered remand, essentially determining that the critical inquiry is when the claim in the removed action was initially asserted. For example, see *Estate of Wines by Wines v Blue Cross Blue Shield of Michigan*, 2012 WL 13013370, \*5–7 (ED Mich); *Warren v State Farm Mutual Automobile Insurance Company*, 2007 WL 1267579, \*4–6 (ED Mich); *Korzinski v Jackson*, 326 F Supp 2d 704 (ED NC 2004).

More persuasive are those decisions—in line with the textual reading above—finding remand appropriate in circumstances such as these. BPH relies on one of them, *Korzinski v Jackson*, 326 F Supp 2d 704 (ED NC 2004). See Dkt 19 at 1. The plaintiff there voluntarily dismissed its state-court action in North Carolina only to refile the exact same claims in a subsequent lawsuit. The court surveyed several decisions by circuit courts, including the Fifth Circuit, that "reflect a pragmatic approach to the thirty-day limit for removal." Id at 706–07, citing, among other cases, *Johnson v Heublein Inc*, 227 F3d 236, 241 (5th Cir 2000). This approach disfavors removal "where the 'new action' commenced is no more than a mere formality and continuation . . . of the original action." Id at 706. The complaint initiating plaintiff's second suit fit this description. It "only nominally served to commence a new action, but in substance was only a continuation of the previous action." Id at 707. The court thus determined that the thirty-day removal period appropriately began when the plaintiff filed the complaint in the initial suit. And

removal was untimely because the defendant filed its notice of removal well over thirty days after the filing of that complaint. Id at 709.

So, too, here. There's no dispute that the same design-related latent defect claims were asserted in both the original action and in this action. Compare Dkt 11-2 at 6, 11–12, with Dkt 1-3. The action pending here, when initiated by BPH against THW in state court, was plainly a continuation of the same claims filed in the original action, merely refiled to conform to technical pleading requirements. It's thus appropriate to consider the third amended petition in the original action to be the initial pleading for removal purposes.

THW believes *Korzinski* is distinguishable because state procedural practice differs between North Carolina and Texas as to dismissal and refiling of actions in their courts. Dkt 21 at 4–6. *Korzinski* did indeed rely (at least in part) on a unique procedural rule in North Carolina in reaching its result. See 326 F Supp 2d at 706 (new action commenced subsequent to voluntary dismissal to be construed under North Carolina as "a continuation of the original action"), citing NC Rule of Civil Procedure 41(a)(1). And the rule as a matter of Texas procedure appears to be different. See *Villarreal v JP Morgan Chase National Association*, 2010 WL 11575588, *3 (SD Tex) (for limitations purposes, later-filed action doesn't relate back to prior lawsuit because dismissal under Texas law "is equivalent to a suit never having been filed"), citing Texas Civil Practices & Remedies Code § 16.068.

But any such difference under state procedural law isn't determinative of federal court jurisdiction. It is federal law that must determine which pleading is the *initial pleading* for purposes of Section 1446(b). The Supreme Court is emphatic that the removal statute "is nationwide in its operation [and is] intended to be uniform in its application, unaffected by local law definition or characterization." *Shamrock Oil & Gas Corp v Sheets*,

313 US 100, 104 (1941). The statute must therefore "be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts." Ibid. Courts have naturally taken this to mean that "federal law is determinative of the 'initial pleading' issue, not [state] statutory definitions." *Jones Chemicals Inc v Distribution Architects International Inc*, 786 F Supp 310, 312 (WDNY 1992) (and collecting cases). And an *initial pleading* is taken to mean a document that gives the "defendant 'a fair opportunity to determine whether the case [is] removable.'" Ibid (citation omitted).

The third amended petition in the original action gave THW that fair opportunity. It should thus be treated as the *initial pleading* for removal purposes under Section 1446. This means that removal by THW was untimely. And as such, the action must be remanded.

### b.  Waiver

BPH also argues that the motion by THW in the original action to dismiss the design-related latent defect claims waived its right of removal on that claim. Dkt 11 at 9. THW maintains to the contrary, again essentially arguing that the original action and this one are entirely distinct under Texas law. Dkt 13 at 6–7.

A defendant may lose or waive its right to remove "through activity or inactivity." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3721 (4th rev ed). Any such waiver must be clear, indicating "a specific, positive intent to proceed in state court." *Jacko v Thorn Americas Inc*, 121 F Supp 2d 574, 576 (ED Tex 2000) (citation omitted). To make such determination, courts have looked to whether the defendant has taken action in state court simply "for the purpose of preserving the status quo," or whether the defendant has manifested "an intent to litigate the merits of the claim" there. Ibid. Said another way, removal rights aren't lost by the defendant merely taking "actions which are preliminary and nonconclusive

in character and which do not actually submit the merits of a claim for binding decision." *Gore v Stenson*, 616 F Supp 895, 897 (SD Tex 1984) (citation omitted). To lose the right of removal, a defendant instead "must take some action that amounts to 'seeking an adjudication on the merits.'" *David K. Young Consulting, LLC v Arnold*, 2013 WL 1411654, *4 (WD Tex 2013), quoting *Tedford v Warner-Lambert Co*, 327 F3d 423, 428 (5th Cir 2003), superseded by statute on other grounds as recognized by *Hoyt v Lane Construction Corp*, 927 F3d 287, 293–294 (5th Cir 2019).

A defendant plainly waives its right to remove by "taking substantial action in state court before filing a notice of removal." *Landry v Cross Country Bank*, 431 F Supp 2d 682, 687 (SD Tex 2003). And the Fifth Circuit instructs that when a defendant files a motion to dismiss in the state-court proceedings prior to removal, such conduct constitutes waiver of the defendant's "right to remove the case under the original complaint" in that action. *Johnson*, 227 F3d at 244 (citations omitted).

THW waived its right to remove by both inactivity and activity. As to *inactivity*, it must again be recalled that THW made no effort to remove the original action after being added to it in October 2018. THW also didn't remove that action when BPH first added the design-related latent defect claims against it in January 2021. Instead, THW waited until October 2021 to remove a claim that was part and parcel of the original action. As to *activity*, THW litigated this action during those years in state court—and then moved successfully to dismiss the design-related latent defect claims. Such motion is a stark example of conduct intentionally submitting the design-related latent defect claims for resolution by the state court.

THW's conduct in state court was wholly inconsistent with the right of removal it now seeks to assert with respect to the same design-related latent defect claims. This again supports remand.

c. Addition of third-party defendants

BPH argues that remand is appropriate because THW destroyed complete diversity when it added Uzun & Case and Barrett as third-party defendants. Dkt 11 at 10–11; see Dkts 1 at 3, 9 at 2, 10 at 2 & 11 at 1–2. But complete diversity exists between the original parties, providing a jurisdictional basis to hear the suit. See *Caterpillar Inc v Lewis*, 519 US 61, 66 n 1 (1996); 28 USC § 1332. THW's decision to bring claims against two third-party defendants that share its citizenship raises a separate question of supplemental jurisdiction. But it's well settled that the limit on supplemental jurisdiction in diversity cases doesn't apply to claims brought by defendants in their capacity as third-party plaintiffs. See 28 USC § 1367(b); *State National Insurance Company Inc v Yates*, 391 F3d 577, 580 (5th Cir 2004).

While the argument is without merit, it doesn't affect the result. The action must be remanded for independent reasons set out above.

4. Conclusion

The motion by Plaintiff Brazos Presbyterian Homes Inc to remand is GRANTED. Dkt 11.

This action is REMANDED to the 80th District Court of Harris County, Texas.

The Clerk shall provide a copy of this Order to the District Clerk for Harris County, Texas.

SO ORDERED.

Signed on September 27, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

11